RENDERED: APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0488-MR

LP COLUMBIA KY, LLC D/B/A
SIGNATURE HEALTHCARE AT
SUMMIT MANOR REHAB &
WELLNESS CENTER AND
SIGNATURE HEALTHCARE, LLC                                  APPELLANTS

APPEAL FROM ADAIR CIRCUIT COURT
v.          HONORABLE JUDY VANCE MURPHY, JUDGE
ACTION NO. 20-CI-00077

ESTATE OF WINFRED COWAN, BY
AND THROUGH ITS
ADMINISTRATRIX, DENESA
MCCANN; BILLIE B. CROSBY, BY
AND THROUGH HIS ATTORNEY-
IN-FACT, DEBRA HARRELSON;
EDNA MELSON, BY AND
THROUGH HER ATTORNEY-IN-
FACT, DONNIE MELSON; ESTATE
OF ADDIE DERRINGER, BY AND
THROUGH ITS ADMINISTRATRIX,
AMANDA WETHINGTON; ESTATE
OF ANNA MARIE HELM, BY AND
THROUGH ITS ADMINISTRATOR
LARRY HELM; ESTATE OF
CARLINA HARRISON, BY AND
THROUGH ITS ADMINISTRATRIX,

JENNIFER WOLSEY; ESTATE OF
CAROLYN SUE MCGAHA, BY AND
THROUGH ITS ADMINISTRATRIX
VICKI HATCHER; ESTATE OF
EMMA RODGERS, BY AND
THROUGH ITS ADMINISTRATOR,
DONNIE RAY SMITH; ESTATE OF
SANDRA R. SHARPE, BY AND
THROUGH ITS EXECUTRIX,
KATHY DOWNEY; ESTATE OF
VIRGINIA LEE ROWE, BY AND
THROUGH ITS ADMINISTRATRIX,
LISA WALKUP; AND NOREEN
HARMON, BY AND THROUGH HER
POWER OF ATTORNEY, CLIFFORD
HARMON                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  LP Columbia KY, LLC, *et al*., appeal from an

order of the Adair Circuit Court which denied their motion to dismiss.  This is an

interlocutory appeal as the motion to dismiss was made under the theory that

Appellants were immune from the lawsuit.  Appellants argue they are immune

from suit and that the trial court should have dismissed the case.  Appellees,

various executors and representatives, argue that dismissal at this stage is

premature and we should affirm the trial court's judgment.  We agree with

Appellees and affirm.

-2-

## FACTS AND PROCEDURAL HISTORY

This case revolves around a number of residents of the Summit Manor Rehab and Wellness Center who got sick or died after contracting COVID-19. Appellees filed the underlying cause of action on June 19, 2020. The complaint was then amended twice. Appellees raised various causes of action: negligence, reckless conduct, negligence per se, wrongful death, breach of contract, and violations of Kentucky Revised Statutes (KRS) 216.515.[1] The allegations in the complaint revolve around the residents getting sick from COVID-19 while at the care facility. While not specifically stated in the complaint, it is clear that Appellees are alleging that Appellants did not follow COVID-19 safety protocols, and this led to the injuries suffered.

Appellants eventually brought a Kentucky Rules of Civil Procedure (CR) 12.02(f) motion to dismiss for failure to state a claim upon which relief can be granted.[2] Appellants argued that they were immune from suit due to the Public Readiness and Emergency Preparedness Act (the PREP Act) found in 42 U.S.C.[3] § 247d-6d. That act says in pertinent part:

---

[1] KRS 216.515 lists the rights residents of long-term care facilities have and sets forth a cause of action should those rights be violated.

[2] Prior to bringing the motion to dismiss, Appellants tried to get the case moved to federal court. The United States District Court for the Western District of Kentucky denied the removal to federal court and remanded it back to the Adair Circuit Court.

[3] United States Code.

(a) Liability protections

    (1) In general

    Subject to the other provisions of this section, a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure[.] . . .

    (2) Scope of claims for loss

    (A) Loss

    For purposes of this section, the term "loss" means any type of loss, including–

        (i) death;

        (ii) physical, mental, or emotional injury, illness, disability, or condition;

        (iii) fear of physical, mental, or emotional injury, illness, disability, or condition, including any need for medical monitoring; and

        (iv) loss of or damage to property, including business interruption loss.

    Each of clauses (i) through (iv) applies without regard to the date of the occurrence, presentation, or discovery of the loss described in the clause.

    (B) Scope

    The immunity under paragraph (1) applies to any claim for loss that has a causal relationship with

the administration to or use by an individual of a covered countermeasure, including a causal relationship with the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use of such countermeasure.

42 U.S.C. § 247d-6d. The PREP Act goes into effect when the United States Department of Health and Human Services Secretary declares a public health emergency. The COVID-19 pandemic was declared such an emergency.

In the motion to dismiss, Appellants claimed they were covered by this immunity because they were a medical facility that was using COVID-19 countermeasures. Appellees argued that they were not arguing that Appellants' actions in using the COVID-19 countermeasures caused the injuries suffered, but that Appellants' inaction caused the injuries; therefore, the PREP Act does not apply. Appellees also argued that this case was about regular medical neglect, and does not involve activities used to treat the COVID-19 virus.

The trial court ultimately reviewed the motion to dismiss as a motion for summary judgment because Appellants referenced materials in the motion that were not already in the record. The trial court ruled in favor of Appellees. The court held that summary judgment was premature at this stage and discovery needed to occur. The primary issue for the trial court was that Appellants were arguing their use of COVID-19 countermeasures entitled them to immunity, but

Appellees are arguing that their causes of action have nothing to do with the use of countermeasures. The court believed discovery was needed to flesh out the facts of the case. This appeal followed.

## ANALYSIS

Before we get to the issues raised by Appellants, we must first address an argument made by Appellees. Appellees argue that this Court does not have jurisdiction to address this appeal. Citing CR 54.01, Appellees argue that the order denying the motion to dismiss is not a final order because it does not adjudicate all the issues before the court. In addition, while the case of *Breathitt County Board of Education v. Prater*, 292 S.W.3d 883, 886-87 (Ky. 2009), allows an appeal from an interlocutory order denying a claim of absolute immunity, more recent Kentucky Supreme Court precedent has held that not all claims of immunity are entitled to an interlocutory appeal. In order for an immunity issue to be immediately appealable, it must meet the following criteria: "the interlocutory order must (1) conclusively decide an important issue separate from the merits of the case; (2) be effectively unreviewable following final judgment; and (3) involve a substantial public interest that would be imperiled absent an immediate appeal." *Sheets v. Ford Motor Company*, 626 S.W.3d 594, 599 (Ky. 2021) (citation omitted).

-6-

We believe all three criteria are met in this case. First, the immunity issue is separate from the causes of action raised in this case. Second, the PREP Act allows not only immunity from liability, but immunity from suit. Immunity from suit includes protection from the costs and burdens of a trial. *Prater*, 292 S.W.3d at 886. If we did not review this immunity issue now, Appellants would have to expend time and money litigating and would not be able to recover these costs on appeal. Finally, this case involves a substantial public interest. It revolves around a global pandemic which affected many Kentuckians. It also concerns a federally created statutory right to immunity that can only be activated under emergency circumstances. Furthermore, due to the large number of COVID-19 deaths in medical facilities across Kentucky, this case, and the questions revolving around the immunity issue, may provide valuable insight to future lawsuits arising from the COVID-19 pandemic. We believe the criteria for interlocutory appeal are met in this case; therefore, we will review the appeal on the merits.

We now move on to the standard of review for this case. Appellants request that we review pursuant to the motion to dismiss standard of review. Appellees believe we should review it as a motion for summary judgment as was done by the trial court. We agree with Appellees. Appellants' motion to dismiss included materials which were not part of the record. Such materials included arbitration agreements, newspaper articles, materials from the United States Food

and Drug Administration, and materials from the United States Department of Health and Family Services. CR 12.02 states that if a motion is made to dismiss a case for failure to state a claim upon which relief can be granted and the motion includes matters outside of the record, it should be treated as a motion for summary judgment. That was done here and we believe such an act was appropriate.

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. . . . "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001).

The trial court believed summary judgment was premature at this point as discovery was needed. The court held that there are issues of material fact that need to be determined. We agree. As previously mentioned, there are two

theories concerning this case. Appellees claim that this case was not about COVID-19 countermeasures, but about general medical neglect. Appellants believe that the case revolves around their use of COVID-19 countermeasures. Both are plausible based on the reading of the complaint; therefore, more discovery is needed to determine the facts of this case.

In addition, it is not possible to determine at this juncture if the PREP Act immunity applies. Appellants claim it does because they used countermeasures to help combat COVID-19 and the injuries and deaths complained of were due to COVID-19. We believe more discovery is required to determine if the immunity applies. Federal courts interpreting the PREP Act have held that the immunity provision does not apply when there is a failure to use COVID-19 countermeasures. In other words, the immunity generally does not apply to inaction. *See Lyons v. Cucumber Holdings, LLC*, 520 F. Supp. 3d 1277, 1285-86 (C.D. Cal. 2021); *Robertson v. Big Blue Healthcare, Inc.*, 523 F. Supp. 3d 1271, 1282-83 (D. Kan. 2021); *Estate of Maglioli v. Andover Subacute Rehabilitation Center I*, 478 F. Supp. 3d 518, 531-32 (D.N.J. 2020). On the other hand, the immunity has been found to apply to inaction under certain circumstances.

> Where there are limited Covered Countermeasures, not administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute "relating to . . . the administration to . . . an

individual" under 42 U.S.C. 247d-6d. For example, consider a situation where there is only one dose . . . of a COVID-19 vaccine, and a person in a vulnerable population and a person in a less vulnerable population both request it from a healthcare professional. In that situation, the healthcare professional administers the one dose to the person who is more vulnerable to COVID-19. In that circumstance, the failure to administer the COVID-19 vaccine to the person in a less-vulnerable population "relat[es] to . . . the administration to" the person in a vulnerable population. The person in the vulnerable population was able to receive the vaccine only because it was not administered to the person in the less-vulnerable population. Prioritization or purposeful allocation of a Covered Countermeasure, particularly if done in accordance with a public health authority's directive, can fall within the PREP Act and this Declaration's liability protections.

*Lyons*, 520 F. Supp. 3d at 1282 (citation omitted).

Assuming this case revolves around COVID-19 countermeasures in the rehabilitation center, discovery is required to determine if Appellants did not use proper COVID-19 countermeasures, and if they did not, then was it due to negligent inaction or prioritization and purposeful allocation?

## **CONCLUSION**

Based on the foregoing, we affirm. The trial court was correct that discovery is required and summary judgment would be premature.

ALL CONCUR.

-10-

BRIEFS FOR APPELLANTS:

John David Dyche
Leigh V. Graves
Louisville, Kentucky

John C. Miller
John B. Jessie
Campbellsville, Kentucky

James Looper
T. Andrew Graham
New York, New York

BRIEF FOR APPELLEES:

John A. Bahe
Patrick E. Markey
Louisville, Kentucky

Derrick G. Helm
Jamestown, Kentucky